# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: BATHRICK, CHANDLER                          §   Case No. 09-04574
                                                   §
                                                   §
Debtor(s)                                          §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code
was filed on February 13, 2009.  The undersigned trustee was appointed on February 13, 2009.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of          $          30,001.52

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 5,630.10 |
| Bank service fees | 75.01 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]    $ | 24,296.41 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank
account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest
earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may
receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on
account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing  non-governmental claims in this case was 05/25/2011 and the deadline for filing governmental claims was 08/12/2009.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,750.13.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $3,750.13, for a total compensation of $3,750.13. [2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of  $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00. [2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date: _11/22/2011_____     By:/s/ILENE F. GOLDSTEIN_____
                                    Trustee


**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.


[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

## Form 1

Page: 1

### Individual Estate Property Record and Report
### Asset Cases

Case Number:  09-04574

Case Name:   BATHRICK, CHANDLER

Period Ending: 11/04/11

Trustee:        (330290)   ILENE F. GOLDSTEIN

Filed (f) or Converted (c):  02/13/09 (f)

§341(a) Meeting Date:   03/16/09

Claims Bar Date:        05/25/11

| Ref. # | 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | (4) Checking Accounts with 5th 3rd Bank<br>(4) Checking Accounts with 5th 3rd Bank | 1,435.00 | 0.00 | | 0.00 | FA |
| 2 | Checking Account at Northern Trust<br>Checking Account at Northern Trust | 0.00 | 0.00 | | 0.00 | FA |
| 3 | Club membership for Wynstone Country Club in Flo<br>Club membership for Wynstone Country Club in<br>Florida | 35,000.00 | 35,000.00 | | 30,000.00 | FA |
| 4 | Miscellaneous Household Goods<br>Miscellaneous Household Goods | 4,000.00 | 4,000.00 | DA | 0.00 | FA |
| 5 | Miscellaneous Collectibles<br>Miscellaneous Collectibles | 0.00 | 0.00 | DA | 0.00 | FA |
| 6 | Miscellaneous Clothing<br>Miscellaneous Clothing | 0.00 | 0.00 | DA | 0.00 | FA |
| 7 | Miscellaneous Costume Jewelry<br>Miscellaneous Costume Jewelry | 0.00 | 0.00 | DA | 0.00 | FA |
| 8 | Term-life insurance through employer, no cash va<br>Term-life insurance through employer, no cash value | 0.00 | 0.00 | DA | 0.00 | FA |
| 9 | Whole-life policy with<br>Whole-life policy with | 0.00 | 0.00 | DA | 0.00 | FA |
| 10 | 401k plan through former Employer<br>401k plan through former Employer | 135,000.00 | 0.00 | DA | 0.00 | FA |
| 11 | Sailfish LLC (company owns Ameritrade account wi<br>Sailfish LLC (company owns Ameritrade account with<br>estimated value of $520,000 that is pledged as secuirty<br>to Park Bank) | Unknown | 0.00 | DA | 0.00 | FA |
| 12 | HSP Acquisition Corp<br>HSP Acquisition Corp | Unknown | 0.00 | DA | 0.00 | FA |
| 13 | AIW Holdings Ltd.<br>AIW Holdings Ltd. | Unknown | 0.00 | DA | 0.00 | FA |
| 14 | CEB Enterprises<br>CEB Enterprises | Unknown | 0.00 | DA | 0.00 | FA |
| 15 | Bathrick Family Limited Partnership<br>Bathrick Family Limited Partnership | Unknown | 0.00 | DA | 0.00 | FA |
| 16 | Hubbell Special Products, Inc.<br>Hubbell Special Products, Inc. | Unknown | 0.00 | DA | 0.00 | FA |

Exhibit A

## Form 1

Page: 2

### Individual Estate Property Record and Report
### Asset Cases

Case Number: 09-04574

Case Name:    BATHRICK, CHANDLER

Period Ending: 11/04/11

Trustee:        (330290)    ILENE F. GOLDSTEIN

Filed (f) or Converted (c): 02/13/09 (f)

§341(a) Meeting Date:      03/16/09

Claims Bar Date:           05/25/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 17 | Sizhou Hubbell Electronics, Co.<br>    Sizhou Hubbell Electronics, Co. | Unknown | 0.00 | DA | 0.00 | FA |
| 18 | '93 Harley Davidson FXSTS<br>    '93 Harley Davidson FXSTS; vehicle disassembled<br>and inoperable, needs substantial work to bring it to<br>roadworthy condition. | 15,000.00 | 5,100.00 | DA | 0.00 | FA |
| 19 | '66 AC Cobra replica vehicle<br>    '66 AC Cobra replica vehicle; vehicle purchased 20<br>years ago and is base level replica built with lower end<br>older components, car is inoperable and needs repairs | 10,500.00 | 10,500.00 | DA | 0.00 | FA |
| 20 | '02 Harley Davidson MC<br>    '02 Harley Davidson MC; vehicle in fair condition with<br>38,000 miles and is operable | 10,500.00 | 1,435.00 | DA | 0.00 | FA |
| 21 | '96 21' Wellcraft<br>    '96 21' Wellcraft; there is a potential storage lien and<br>the debtor believes that the boat has been sold to<br>cover the storage lien | 3,500.00 | 3,176.00 | DA | 0.00 | FA |
| 22 | Bathrick v. Park Bank (various tort and contract<br>    Bathrick v. Park Bank (various tort and contract<br>claims) Counsel withdrew | Unknown | 0.00 | DA | 0.00 | FA |
| 23 | Jefferson Pilot<br>    Jefferson Pilot related to above asset which counsel<br>withdrew . | 45,000.00 | 45,000.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 1.52 | Unknown |
| 24 | Assets    Totals (Excluding unknown values) | $259,935.00 | $104,211.00 | | $30,001.52 | $0.00 |

**Major Activities Affecting Case Closing:**

Status: The Trustee has found an equity membership in a country club. She has notified the country club and the equity position is liquidated according to a written agreement. The Trustee on behalf of the estate is in the line to be liquidated and when that occurs she will receive the value of the membership pursuant to the contract.

Initial Projected Date Of Final Report (TFR):        December 31, 2010        Current Projected Date Of Final Report (TFR):        December 31, 2011  (Actual)

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| Case Number: | 09-04574 | |
| Case Name: | BATHRICK, CHANDLER | |
| Taxpayer ID #: | **-***3531 | |
| Period Ending: | 11/04/11 | |

| | |
|---|---|
| Trustee: | ILENE F. GOLDSTEIN (330290) |
| Bank Name: | The Bank of New York Mellon |
| Account: | 9200-******70-65 - Money Market Account |
| Blanket Bond: | $5,000,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 03/16/11 | {3} | Wynstone Golf Club | Sale of personal property | 1129-000 | 30,000.00 | | 30,000.00 |
| 03/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.12 | | 30,000.12 |
| 04/05/11 | 1001 | LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | | 3110-000 | | 5,557.50 | 24,442.62 |
| 04/05/11 | 1002 | LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | | 3120-000 | | 72.60 | 24,370.02 |
| 04/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,370.22 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,370.42 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,370.62 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,370.82 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,371.02 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 56.75 | 24,314.27 |
| 09/08/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -31.75 | 24,346.02 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,346.22 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 50.01 | 24,296.21 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.20 | | 24,296.41 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | | 30,001.52 | 5,705.11 | $24,296.41 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| Subtotal | | 30,001.52 | 5,705.11 | |
| Less: Payments to Debtors | | | 0.00 | |
| NET Receipts / Disbursements | | $30,001.52 | $5,705.11 | |

| | |
|---|---|
| Net Receipts : | 30,001.52 |
| | _____ |
| Net Estate : | $30,001.52 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # 9200-******70-65 | 30,001.52 | 5,705.11 | 24,296.41 |
| | $30,001.52 | $5,705.11 | $24,296.41 |

{} Asset reference(s)                                                           Printed: 11/04/2011 12:37 PM     V.12.57

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-04574
Case Name: BATHRICK, CHANDLER
Trustee Name: ILENE F. GOLDSTEIN

**Balance on hand:**                           $          24,296.41

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | None | | | |

Total to be paid to secured creditors:   $              0.00
Remaining balance:                        $          24,296.41

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - ILENE F. GOLDSTEIN | 3,750.13 | 0.00 | 3,750.13 |
| Attorney for Trustee, Fees - LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | 9,457.50 | 5,557.50 | 3,900.00 |
| Attorney for Trustee, Expenses - LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | 178.36 | 72.60 | 105.76 |
| Accountant for Trustee, Fees - Jodi E. Gimbel,P.C. | 906.50 | 0.00 | 906.50 |
| Accountant for Trustee, Expenses - Jodi E. Gimbel,P.C. | 80.00 | 0.00 | 80.00 |

Total to be paid for chapter 7 administration expenses:   $          8,742.39
Remaining balance:                                        $         15,554.02

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| | None | | |

Total to be paid for prior chapter administrative expenses:   $              0.00
Remaining balance:                                           $         15,554.02

**UST Form 101-7-TFR (05/1/2011)**

Court, priority claims totaling $3,491.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Department of the Treasury-IRS | 3,491.00 | 0.00 | 3,491.00 |

| | | | |
|---|---|---|---|
| Total to be paid for priority claims: | $ | 3,491.00 |
| Remaining balance: | $ | 12,063.02 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 5,519,172.23 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Chase Bank USA NA | 9,709.57 | 0.00 | 21.23 |
| 3 | Chase Bank USA NA | 19,979.33 | 0.00 | 43.67 |
| 4 | American Express Centurion Bank | 2,631.30 | 0.00 | 5.75 |
| 5 | IFA 111 88th Avenue LLC | 491,438.00 | 0.00 | 1,074.11 |
| 6 | Park Bank | 4,995,414.03 | 0.00 | 10,918.26 |

| | | | |
|---|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 12,063.02 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | | | |
|---|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims
ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid
*pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid
in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent,
plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims
ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: **$**                    0.00

Remaining balance:                    **$**              0.00

**UST Form 101-7-TFR (05/1/2011)**